UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANI BOROHOV,<br><br>                    Plaintiff,<br><br>   – against –<br><br>EVERHOME MORTGAGE COMPANY,<br><br>                    Defendant. | **AMENDED MEMORANDUM, ORDER, & JUDGMENT**<br><br>13-CV-3117 |

**JACK B. WEINSTEIN, Senior United States District Judge:**

In 2001, plaintiff obtained a $125,000 loan from BNY Mortgage Company. The loan was secured by a 15-year mortgage, which was held by Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for BNY. MERS assigned the mortgage to Everhome Mortgage Company, now merged with EverBank, in 2011. The Federal National Mortgage Association ("FNMA" or "Fannie Mae") owns the loan, and EverBank services it.

Plaintiff sues Everhome for fraud, unjust enrichment, and quiet title. He alleges that Everhome misled him into making payments to Everhome by presenting him with (1) the assignment of the mortgage; and (2) a response to a Qualified Written Request. Both documents indicate that mortgage payments are to be made to Everhome. This, according to plaintiff, led to Everhome's unjust enrichment and the interference with plaintiff's property rights.

The claim for fraud is dismissed. Defendants have shown that the loan is owned by Fannie Mae and serviced by EverBank. *See* Def.'s Reply in Supp. of Mot. Summ. J, Exh. B. Contrary to plaintiff's argument, *see* Pl.'s Opp. To Def.'s Reply in Supp. of Mot. Summ. J., the documents provided by Fannie Mae and EverBank are sufficient to demonstrate this point.

1



The complaint fails to indicate how any of Everhome's actions constitute misrepresentation or intent to defraud. Everhome acted pursuant to its agreement with MERS and the FNMA, as well as in accordance with standard industry practice.

The plaintiff cannot show unjust enrichment. Since the origination of the loan, plaintiff had been making payments, with intermittent defaults, to Everhome. Everhome properly credited these payments against his debt. That claim is dismissed.

The claim for quiet title fails. Everhome maintains a security interest in the property because plaintiff has not paid off his mortgage.

The plaintiff's motion for summary judgment is denied. The defendant's motion for summary judgment is granted.

The complaint is dismissed. Costs and disbursements are awarded to the defendant.

SO ORDERED

Jack B. Weinstein
Senior United States District Judge

Date: March 11, 2014
Brooklyn, New York